```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.  )
RICHARD JOHNSON A-82934,          )
                                  )
                 Petitioner,      )
                                  )
     v.                           )      No.  06 C 5499
                                  )
NEDRA CHANDLER,                   )
                                  )
                 Respondent.      )
```

<u>MEMORANDUM ORDER</u>

Richard Johnson ("Johnson") has filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254,[1] using the form provided by this District Court's Clerk's Office for persons in state custody.  This sua sponte memorandum order, issued pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), addresses Johnson's apparent misunderstanding of the statutory time limit for filing such petitions.

Here are the provisions of Section 2244(d) that are relevant for present purposes:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]   All further references to Title 28's provisions will simply take the form "Section--."

*      *      *

> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

In this instance it is not entirely clear whether Johnson filed the Petition within a year after the Illinois Supreme Court denied leave to appeal from the Illinois Appellate Court's affirmance of the dismissal of his state post-conviction petition.[2]  But as the ensuing discussion reflects, that misconceives the interaction of the quoted statutory provisions.

According to Petition Pt. I ¶IV, on February 2, 2000 the Illinois Supreme Court denied leave to appeal in connection with Johnson's direct appeal from his July 15, 1998 conviction.  Under Anderson v. Litscher, 281 F.3d 672, 674-75, "the ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run."  And that being the case, the limitations clock

_____

[2]  According to Petition Pt. II ¶I, the Illinois Supreme Court's denial of leave to appeal took place on September 29, 2005, so that Johnson appears to have believed that he had until September 29, 2006 to bring this federal court action.  Although his papers were not received in the Clerk's Office until October 10, 2006, Johnson had signed the Petition on September 26.  For present purposes it will be assumed (without deciding) that the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)) applies and that Johnson actually delivered his papers to the prison authorities at Dixon Correctional Center by September 29.

2

began to tick on May 3, 2000 (the 91st day after February 2, 2000) even though Johnson did not in fact seek certiorari before the United States Supreme Court (see Petition Pt. I ¶V).

According to Petition Pt. II ¶I, Johnson then filed a pro se post-conviction petition in the Circuit Court of Cook County on June 19, 2000. By that time 47 days had already run on the limitations clock after May 2, 2000. Hence even on the assumption that all the time between that Circuit Court filing and the ultimate rejection of his state post-conviction petition on September 29, 2005 was tolled under Section 2244(d)(2),[3] Johnson's September 29, 2006 filing of the Petition in this District Court came 1-1/2 months too late.

Because the statute of limitations is an affirmative defense rather than posing a subject matter jurisdictional bar, this Court will not dispatch the Petition currently despite the unlikelihood that the Illinois Attorney General's Office will waive such a defense. Instead this memorandum is a product of this Court's discharge of its obligations under Section 2254 Rule 4. It orders the respondent to file, on or before October 27, 2006, either (1) a motion seeking dismissal on limitations grounds or (2) a statement that no such motion will

---

[3] It is not possible to determine from the Petition alone whether that is the case or whether, instead, some added time ran in the interim because of Section 2244(d)(2)'s "pending" requirement. But once again this memorandum will give Johnson the benefit of the doubt for present analytical purposes.

be filed, following which this Court will determine the appropriate next step in this action.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 12, 2006