IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.  )
RICHARD JOHNSON A-82934,          )
                                  )
             Petitioner,          )
                                  )
     v.                           )    No. 06 C 5499
                                  )
NEDRA CHANDLER,                   )
                                  )
             Respondent.[1]       )

MEMORANDUM ORDER

Because petitioner Richard Johnson ("Johnson") had obviously misunderstood the full thrust of the statutory time limit for filing petitions under 28 U.S.C. §2254,[2] this Court issued an October 12, 2006 memorandum order ("Order") that spelled out the obvious untimeliness of Johnson's Petition and concluded in this fashion:

> It orders the respondent to file, on or before October 27, 2006, either (1) a motion seeking dismissal on limitations grounds or (2) a statement that no such motion will be filed, following which this Court will determine the appropriate next step in this action.

---

[1] Respondent's counsel has submitted his just-filed Motion To Dismiss under the caption "Johnson vs. Chandler," citing our Court of Appeals' Rule 12(b) as claimed authority for that usage. But that court's Rule 1 specifically provides that "These rules govern procedure in the United States Court of Appeals for the Seventh Circuit," and Rule 12(b) itself specifies that the designations apply only to "[t]he parties on appeal." Here in the District Court, the proper designation of the case conforms to the form of Petition for Writ of Habeas Corpus ("Petition") that is provided by our Clerk's Office for use by persons in state custody.

[2] All further references to Title 28's provisions will simply take the form "Section--."

On October 27 respondent, represented by Assistant Attorney General Russell Benton, did file a motion to dismiss the Petition. It has echoed the analysis set out in the Order, demonstrating that even with every available assumption being made in Johnson's favor he has failed to come within the limitations bar established by Section 2244(d).

No further proceedings are required, for the situation is clearly that described in the second sentence of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

This Court so orders--Johnson's Petition is dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 31, 2006